UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil No.: _

| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>STREAMLINE DEVELOPERS, LLC, JORDAN MAROULES, AUTO-OWNERS INSURANCE COMPANY, BUILDERS MUTUAL INSURANCE COMPANY, LEACHMAN STOLLER HOME PLAN DESIGN, LLC, and NANCY STOLLER<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

Plaintiff Harford Mutual Insurance Company, by and through undersigned counsel, for its Complaint for Declaratory Judgment and other relief against Defendants Streamline Developers, LLC, Jordan Maroules, Auto-Owners Insurance Company, Builders Mutual Insurance Company, Leachman Stoller Home Plan Design, LLC, and Nancy Stoller, allege and say as follows:

## **PARTIES**

1. Plaintiff Harford Mutual Insurance Company ("HMIC") is a corporation organized under the laws of the State of Maryland with its principal place of business located in the State of Maryland. At all times relevant hereto, HMIC was authorized to conduct business in the insurance industry in the State of North Carolina.

2. Upon information and belief, Defendant Streamline Developers, LLC ("Streamline"), is a Limited Liability Company organized and existing under the laws of the State of North Carolina with its principal place of business in Carteret County, North Carolina. Upon information and belief, all Streamlines' members are citizens of the State of North Carolina.

1

3. Upon information and belief, Defendant Jordan Maroules is a citizen and resident of Carteret County, North Carolina.

4. Upon information and belief, Auto-Owners Insurance Company ("Auto-Owners"), is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Lansing, Michigan.

5. Upon information and belief, Builders Mutual Insurance Company ("Builders Mutual"), is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Raleigh, North Carolina.

6. Upon information and belief, Leachman Stoller Home Plan Design, LLC ("Leachman Stoller"), is a Limited Liability Company organized and existing under the laws of the State of North Carolina with its principal place of business in Carteret County, North Carolina. Upon information and belief, all Leachman Stoller's members are citizens of the State of North Carolina.

7. Upon information and belief, Defendant Nancy Stoller is a citizen and resident of Carteret County, North Carolina.

## JURISDICTIONS AND VENUE

8. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

10. This Court has the power to grant the relief sought in this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## THE UNDERLYING LAWSUIT

11.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 of the Complaint.

12.     On or about July 2, 2020, Ms. Stoller and Leachman Stoller commenced a civil lawsuit, entitled *Nancy Stoller and Leachman Stoller Home Plan Design LLC, Plaintiffs v. Jordan Maroules, Streamline Developers LLC, Steven Grant McMillan, and Plansource Designs, LLC, Defendants*, case number 4:20-cv-00134, in the United States District Court for the Eastern District of North Carolina (the "Underlying Lawsuit"). On September 2, 2020, Ms. Stoller and Leachman Stoller filed their First Amended Complaint. A copy of the First Amended Complaint filed in the Underlying Lawsuit is attached as Exhibit A.

13.     The Underlying Lawsuit arises from damages Ms. Stoller and Leachman Stoller allegedly sustained between 2014 and the date of the filing of the Underlying Lawsuit as a result of Streamline and Mr. Maroules's use of home designs generated by Ms. Stoller and Leachman Stoller in residential construction without paying the required licensing or reuse fees.

14.     In support of these claims, Ms. Stoller and Leachman Stoller allege that in mid-2016 they "discovered that Maroules had built additional homes based on the designs he had previously licensed on a single use basis and had modified some of Stoller's designs without permission." Exhibit A at ¶ 23.

15.     After receiving an explanation as to how reuse fees worked, Exhibit A at ¶ 26, Streamline, without the knowledge or consent of Leachman Stoller, is alleged to have modified Leachman Stoller's plans and falsely claimed the right to sell and build the designs. Exhibit A at ¶ 34.

3

16. Sometime between September 2014 and February 2017, Streamline is further alleged to have attempted to pass off Leachman Stoller's copyrighted plans online as its own and offer them for sale. Exhibit A at ¶ 33-35.

17. After being confronted and informing Leachman Stoller that it would destroy the plans, Streamline is alleged to have continued still advertising several designs online that it had previously licensed from Leachman Stoller under a single use license without obtaining permission or license to do so. Exhibit A at ¶ 39-40. Streamline is further alleged to have represented that the plans could be purchased directly from Streamline and that it was the owner of the designs. Exhibit A at ¶¶ 42-43.

18. Despite a written warning on August 16, 2019, Ms. Stoller and Leachman Stoller claim that Streamline continues to "market, sell, build, and misappropriate the copyrighted plans and designs of Leachman Stoller." Exhibit A at ¶¶ 66-67.

19. Ms. Stoller and Leachman Stoller assert claims in the Underlying Lawsuit for copyright infringement, breach of contract, unjust enrichment, and violation of the North Carolina Unfair and Deceptive Trade Practices Act by Mr. Maroules and Streamline.

20. Though Leachman Stoller and Ms. Stoller filed suit against Streamline and Mr. Maroules on July 2, 2020, Harford was not placed on notice of the suit until July 6, 2021. As a result, Harford was not permitted to assign panel counsel or direct the defense of the litigation for over a year.

21. The Underlying Litigation is still pending and has an anticipated trial date in February 2022.[1]

---

[1] In addition to the grounds raised in this declaratory judgment action, HMIC issued a reservation of rights on the grounds that the alleged injury is not a "personal and advertising injury" as defined by the HMIC Policy and that Streamline and Mr. Maroules failed to comply with the notice requirements contained in Section IV.2.a-c. of the HMIC Policy. As the Underlying Litigation has not resolved and this declaratory judgment action is for relief from

4

## THE BUILDERS MUTUAL POLICY

22. Streamline is the named insured under Builders Mutual Policy No. CPP 0048355 03. A copy of the Builders Mutual Policy is attached as Exhibit B.

23. The Builders Mutual Policy had a policy period of May 18, 2014, to May 18, 2015.

## THE AUTO-OWNERS POLICY

24. Streamline is the named insured under Auto-Owners Policy No. 154615-35203945-16 (the "Auto-Owners Policy"). A copy of the Auto-Owners Policy is attached as Exhibit C.

25. The Auto-Owners Policy had a policy period of May 18, 2016, to May 18, 2017. Upon information and belief, the Auto-Owners Policy is a renewal from the policy period of May 18, 2015, to May 18, 2016.

## THE HMIC POLICIES

26. Streamline is the named insured under HMIC Policy No. 9155067 (the "HMIC Policy"). A certified true and accurate copy of the HMIC Policy is attached as Exhibit D.

27. The HMIC Policy had a policy period of May 18, 2016, to May 18, 2017.[2] Each policy renewed with similar triggering language and exclusions.

28. Under the insuring agreement of Coverage B – "Personal and Advertising Injury Liability," coverage is afforded as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our

---

the duty to defend, these grounds are not yet ripe for this Action. *See generally Trustguard Ins. Co. v. Collins et al.*, 942 F.3d 195 (4th Cir. 2019).

[2] The HMIC Policy was renewed for the following policy periods under the following Policy Numbers: Policy Number 9162986 – May 18, 2017, to May 18, 2018; Policy Number 9173587 – May 18, 2018, to May 18, 2019; Policy Number 9183938 – May 18, 2019, to May 18, 2020; Policy Number 9194044 – May 18, 2020, to May 18, 2021; and Policy Number 9203759 – May 18, 2021, to May 18, 2022.

discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1)  The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

29.  The HMIC Policy defines "personal and advertising injury" to include injury, including consequential 'bodily injury,' arising out of one of the following offenses: f. [t]he use of another's advertising idea in your 'advertisement;' or g. [i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement.'

30.  The "Commercial General Liability Conditions" section of the of the HMIC Policy imposes the following obligations on the insured in the event of an "occurrence, offense, claim or suit:"

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.

6

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit;" and
(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

31. Coverage B of the HMIC Policy contains the following exclusions:

a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

b. Material Published with Knowledge of Falsity

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

c. Material Published Prior To Policy Period

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

f. Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

7

i. Infringement Of Copyright, Patent, Trademark Or Trade Secret

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement." However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan.

l. Unauthorized Use Of Another's Name Or Product

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

32. HMIC has fully reserved its rights regarding the applicable HMIC Policy and Underlying Litigation and Streamline and Mr. Maroules have been formally notified in writing of that reservation and that HMIC's decision to defend them should not be construed as a waiver of any defense to coverage.

**THE HMIC POLICY DOES NOT AFFORD COVERAGE TO STREAMLINE**

33. Coverage is not available to Streamline and Mr. Maroules under the HMIC Policy.

34. Leachman Stoller and Ms. Stoller allege that Streamline's construction of homes using Leachman Stoller plans without a license constitutes a violation of Leachman Stoller and Ms. Stoller's copyrights. The construction of a home in and of itself, however, is not an advertisement as contemplated by the HMIC Policy. Therefore, there is no coverage for that non-advertising injury.

35. In addition, Streamline and Mr. Maroules failed to provide the necessary notice of the Underlying Litigation to HMIC and failed to cooperate with HMIC.

36. The HMIC Policy requires that Streamline provides written notice of the claim as soon as practicable. Further, the HMIC Policy requires Streamline to "immediately send [HMIC] copies of any demands, notices, summons, or legal papers received."

37. Streamline and Mr. Maroules failed to provide any notice of the litigation until over a year after it was filed. In reality, Streamline should have notified HMIC of a claim in August 2019, when Ms. Stoller notified Mr. Maroules that he did not have "permission or license to use, build, sell, alter, modify, advertise, or convey any of my plans." Am. Compl. ¶ 66.

38. There is no coverage for the Underlying Litigation based on Streamline and Mr. Maroules's failure to notify HMIC and cooperate with HMIC in the defense of the action.

39. There are multiple exclusions that bar any coverage the HMIC Policy may have afforded.

40. Under the "Knowing Violation of Rights of Another" exclusion, coverage does not apply to "'[p]ersonal or advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"[3]

41. Streamline and Mr. Maroules are alleged to have continued constructing homes utilizing the plans generated by Leachman Stoller and Ms. Stoller with the knowledge that use of the plans required additional licensing that Streamline had not purchased.

42. Under the "Material Published with Knowledge of Falsity" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

43. Leachman Stoller allege that Streamline and Mr. Maroules published Leachman Stoller plans after removing the Leachman Stoller name, adding Streamline's name and logo and "falsely claimed the right to sell and build the designs." Even after being confronted by Ms.

---

[3] HMIC maintains that no advertising injury has occurred and has reserved rights as to any such claim under the HMIC policy. Because this declaratory judgment action seeks relief from the duty to defend, however, the question of whether an advertising injury has occurred is not yet ripe.

9

Case 4:22-cv-00008-BO   Document 1   Filed 01/18/22   Page 9 of 15

Stoller, Streamline is alleged to have continued publishing the plans on a website without the knowledge or permission of Leachman Stoller or Ms. Stoller. Exhibit A at ¶ 34-39.

44. Under the "Material Published Prior To Policy Period" exclusion, coverage does not apply to "'[p]ersonal and advertising injury'" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period."

45. Streamline and Mr. Maroules's violations of Leachman Stoller and Ms. Stoller's copyrights pre-dates the policy period of the first HMIC Policy and is, therefore, not covered under the policy.

46. Under the "Breach of Contract" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'"

47. Leachman Stoller and Ms. Stoller's second claim for relief is for breach of contract and is, therefore, excluded from coverage.

48. Under the "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."

49. Leachman Stoller and Ms. Stoller have alleged copyright infringement, both in the marketing of the properties in question and in the construction and sale of the properties in question and seek damages associated with the construction and sale of these properties, which is excluded under the HMIC Policy.

50. Under the "Unauthorized Use Of Another's Name Or Product" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of the unauthorized use of

10

Case 4:22-cv-00008-BO   Document 1   Filed 01/18/22   Page 10 of 15

another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers."

51. Leachman Stoller and Ms. Stoller allege that Streamline and Mr. Maroules attempted to pass Leachman Stoller plans off as Streamline's plans. This is excluded under the HMIC Policy.

### COUNT I
### (CLAIM FOR DECLARATORY RELIEF)

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45 of the Complaint.

53. The construction of homes is not an advertising injury as defined by the HMIC Policy. *See Highland Holdings, Inc. v. Mid–Continent Cas. Co.*, 2016 WL 3447523 (M.D. Fla. 2016), aff'd, 687 Fed. Appx. 819 (11th Cir. 2017); *see also Kirk King v. Continental Western Insurance Co.*, 123 S.W.3d 259 (Mo. Ct. App. 2003) ("in isolation ... home construction is not advertising"). Therefore, no coverage is afforded under the HMIC policy for advertising injury based on the construction of homes by Streamline using Leachman Stoller plans.

54. Streamline and Mr. Maroules failed to timely notify HMIC of the claim in August 2019 and of the Lawsuit in July 2020.

55. As a result of Streamline's failure to timely notify HMIC, HMIC was unable to investigate the circumstances of the claim to prepare to adjust or control the defense of the action. As a result, Streamline has failed to comply with the terms of the insurance contract and HMIC has suffered prejudice in the defense of this action.

56. Finally, in the Underlying Litigation, Leachman Stoller and Ms. Stoller have alleged that Streamline and Mr. Maroules knowingly and with intent to financially gain from

11

Leachman Stoller and Ms. Stoller's protected copyrighted work, directly infringed on Leachman Stoller and Ms. Stoller's copyright. Exhibit A at ¶ 70-75.

57. Further, Leachman Stoller and Ms. Stoller allege that Streamline took plans that purchased by a competing builder, marketing them as their own plans, and building and selling a house from the misappropriated design. Exhibit A at ¶ 5.

58. As a result, there is no coverage to Streamline and Mr. Maroules with respect to the claims asserted in the Underlying Litigation.

59. Plaintiff respectfully requests the Court to judicially declare that: 1) the construction of homes by Streamline utilizing Leachman Stoller's copywritten plans is not an advertising injury under the HMIC Policy and, therefore, HMIC is relieved of the duty to defend; 2) that Streamline's failure to notify HMIC of the claim and Underlying Litigation prejudiced HMIC in the defense of this action and was a violation of the insurance contract such that HMIC is relieved of the duty to defend; and 3) HMIC is relieved of the duty to defend or indemnify Streamline and Mr. Maroules pursuant to the exclusionary terms of the HMIC Policy cited above and the allegations of knowing violation of the rights of Leachman Stoller and Ms. Stoller by Mr. Maroules.

## COUNT II
### (CLAIM FOR DECLARATORY RELIEF ASSERTED IN THE ALTERNATIVE)

60. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 of the Complaint.

61. The HMIC Policy applies to "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed during the policy period.

62. All allegations in the Underlying Litigation can be traced to Streamline and Mr. Maroules's decision to utilize Leachman Stoller and Ms. Stoller's copyrighted material without a

license. All Leachman Stoller and Ms. Stoller's alleged damages stem from this scheme or template.

63. The claims alleged in the Underlying Litigation constitute a series of continuous, repeated, interrelated acts, or a single cause or related acts, to utilize Leachman Stoller and Ms. Stoller's copyrighted material in to market, build, and sell homes constructed by Streamline and Mr. Maroules.

64. Accordingly, pursuant to the terms of the HMIC Policy, all the claims against Streamline and Mr. Maroules in the Underlying Litigation should be construed as one "[p]ersonal or advertising injury."

65. Therefore, should the Court deny the declaratory relief requested in Count I of the Complaint, HMIC respectfully requests, in the alternative, the Court judicially declare that the actions of Streamline and Mr. Maroules constitute a single occurrence that began prior to the first date of the May 18, 2016, to May 18, 2017 policy period of the HMIC Policy. Therefore, the HMIC Policy does not afford coverage to Streamline and Mr. Maroules for the Underlying Litigation.

## COUNT III
### (CLAIM FOR DECLARATORY RELIEF ASSERTED IN THE ALTERNATIVE)

66. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 56 of the Complaint.

67. The HMIC Policy, Auto-Owners Policy, and Builders Mutual Policy each provide the same types of liability coverage to Streamline and Mr. Maroules.

68. Should the Court deny the declaratory relief requested in Counts I and II of the Complaint, HMIC respectfully, in the alternative, requests the Court judicially declare that Auto-Owners and Builders Mutual owe a duty to defend Streamline and Mr. Maroules under their respective Policies.

WHEREFORE, Plaintiff prays for a judgment against Defendants that includes the following relief:

1. The entry of a declaratory judgment adjudging the rights of HMIC under the HMIC Policy with regard to the Underlying Litigation. Specifically, Plaintiff prays for an Order adjudging and declaring that: (a) No coverage is afforded under the HMIC Policy as the construction of a home is not an advertising injury; (b) that Streamline's failure to notify HMIC of the claim and the Underlying Litigation was a breach of the insurance contract; (c) that HMIC owes no duty to defend or indemnify Streamline and Mr. Maroules in the Underlying Litigation under the HMIC Policy due to the intentional acts of Streamline and Mr. Maroules; and (d) in the alternative, the violations of Leachman Stoller and Ms. Stoller's copyright by Streamline and Mr. Maroules constitute a single occurrence which pre-dates the policy period of the HMIC Policy. .

2. In the alternative, an Order that Auto-Owners shall immediately undertake the defense of Streamline and Mr. Maroules under the Auto-Owners Policy and assume all defense costs moving forward shall.

3. In the alternative, the entry of a declaratory judgment adjudging that HMIC, Auto-Owners, and Builders Mutual each owe a duty to defend Streamline and Mr. Maroules in the Underlying Litigation under their respective Policies and the entry of an Order that HMIC, Auto-Owners, and Builders Mutual each pay proportional shares of the cost of defense of Streamline and Mr. Maroules moving forward.

4. An Order for Auto-Owners and Builders Mutual to pay: (a) the entirety of the costs of this action; and (b) the reasonable attorney's fees HMIC incurs in prosecuting this action.

5. For a jury trial on all issues so triable.

6. Any other and further relief as the Court may deem just and proper.

This the 18th day of January, 2022.

        **TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ William A. Bulfer
     William A. Bulfer – N.C. State Bar No. 31424
     Megan N. Silver – N.C. State Bar No. 40070
     117 Cherry Street North
     Asheville, North Carolina 28801
     Telephone: (828) 254-4515
     Fax: (828) 254-4516
     Email: wbulfer@teaguecampbell.com
            msilver@teaguecampbell.com

     Daniel T. Strong – N.C. State Bar No. 49546
     4700 Falls of Neuse Road, Suite 450
     Raleigh, North Carolina 27609
     Telephone: (919) 873-0166
     Fax: (919) 873-1814
     Email: dstrong@teaguecampbell.com

*Attorneys for Harford Mutual Insurance Company*