| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STREAMLINE DEVELOPERS, LLC, ) <br> JORDAN MAROULES, AUTO-OWNERS ) <br> INSURANCE COMPANY, BUILDERS ) <br> MUTUAL INSURANCE COMPANY, ) <br> LEACHMAN STOLLER HOME PLAN ) <br> DESIGN, LLC, and NANCY STOLLER ) <br> ) <br> Defendants. ) <br> ) | **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

Plaintiff Harford Mutual Insurance Company, by and through undersigned counsel, for its Complaint for Declaratory Judgment and other relief against Defendants Streamline Developers, LLC, Jordan Maroules, Auto-Owners Insurance Company, Builders Mutual Insurance Company, Leachman Stoller Home Plan Design, LLC, and Nancy Stoller, allege and say as follows:

## **PARTIES**

1. Plaintiff Harford Mutual Insurance Company ("HMIC") is a corporation organized under the laws of the State of Maryland with its principal place of business located in the State of Maryland. At all times relevant hereto, HMIC was authorized to conduct business in the insurance industry in the State of North Carolina.

2. Upon information and belief, Defendant Streamline Developers, LLC ("Streamline"), is a Limited Liability Company organized and existing under the laws of the State of North Carolina with its principal place of business in Carteret County, North Carolina. Upon information and belief, all Streamlines' members are citizens of the State of North Carolina.

3. Upon information and belief, Defendant Jordan Maroules is a citizen and resident of Carteret County, North Carolina.

4. Upon information and belief, Auto-Owners Insurance Company ("Auto-Owners"), is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Lansing, Michigan.

5. Upon information and belief, Builders Mutual Insurance Company ("Builders Mutual"), is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Raleigh, North Carolina.

6. Upon information and belief, Leachman Stoller Home Plan Design, LLC ("Leachman Stoller"), is a Limited Liability Company organized and existing under the laws of the State of North Carolina with its principal place of business in Carteret County, North Carolina. Upon information and belief, all Leachman Stoller's members are citizens of the State of North Carolina.

7. Upon information and belief, Defendant Nancy Stoller is a citizen and resident of Carteret County, North Carolina.[1]

## JURISDICTIONS AND VENUE

8. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

---

[1] Together Leachman Stoller and Ms. Stoller are referred to as Underlying Plaintiffs.

10. This Court has the power to grant the relief sought in this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## THE UNDERLYING LITIGATION

11. HMIC incorporates by reference the allegations contained in paragraphs 1 through 9 of the Complaint.

12. On or about July 2, 2020, Underlying Plaintiffs commenced a civil lawsuit, entitled *Nancy Stoller and Leachman Stoller Home Plan Design LLC, Plaintiffs v. Jordan Maroules, Streamline Developers LLC, Steven Grant McMillan, and Plansource Designs, LLC, Defendants*, case number 4:20-cv-00134, in the United States District Court for the Eastern District of North Carolina (the "Underlying Litigation"). On September 2, 2020, Ms. Stoller and Leachman Stoller filed their First Amended Complaint. A copy of the First Amended Complaint filed in the Underlying Litigation is attached as Exhibit A.

13. On February 1, 2022, the Court in the Underlying Litigation entered summary judgment,[2] finding as follows:

    a.    That Streamline and Mr. Maroules engaged in intentional copyright infringement by both utilizing Underlying Plaintiffs' designs without authorization and by altering Underlying Plaintiffs' plans to include Streamline's name and marketing those plans without permission, MSJ Order at 8;

    b.    That Streamline and Mr. Maroules infringed on Underlying Plaintiffs' copyright management information through the removal of copyright

---

[2] Underlying Litigation D.E. 62, attached as Exhibit B ("MSJ Order").

notices and/or Underlying Plaintiffs' names on seventy-nine plans, MSJ Order at 8-9;

c. That Streamline and Mr. Maroules violated Underlying Plaintiffs' copyright by engaging in a minimum of eight unauthorized builds of homes based on plans which Streamline and Mr. Maroules did not have license to use, MSJ Order at 9;

d. That Streamline and Mr. Maroules waived all asserted affirmative defenses other than the statute of limitations by failing to argue those affirmative defenses in response to the Underlying Plaintiffs' Motion for Partial Summary Judgment, MSJ Order at 8.

14. The Underlying Litigation arises from damages Underlying Plaintiffs claim they sustained between 2014 and the date of the filing of the Underlying Litigation as a result of Streamline and Mr. Maroules's use of home designs generated by Underlying Plaintiffs in residential construction without paying the required licensing or reuse fees.

15. Upon information and belief, the unauthorized use of home designs generated by Underlying Plaintiffs began no later than December 17, 2015.

16. Those issues not adjudicated by the Summary Judgment Ruling in the Underlying Litigation remain pending and have an anticipated trial date in 2022.

## THE BUILDERS MUTUAL POLICY

17. Streamline is the named insured under Builders Mutual Policy No. CPP 0048355 03 (the "Builders Mutual Policy"). A copy of the Builders Mutual Policy is attached as Exhibit C.

18. The Builders Mutual Policy had a Policy Period of May 18, 2014, to May 18, 2015.[3]

---

[3] The Builders Mutual Policy is a renewal of Policies No. CPP 0048355 01 (Policy Period May 18, 2012, to May 18, 2013) and CPP 0048355 02 (Policy Period May 18, 2013, to May 18, 2014).

19. Under the insuring agreement of Coverage B – "Personal and Advertising Injury Liability" of the Builders Mutual Policy coverage is afforded as follows:

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the Policy Period.

Exhibit C at 111.

20. The Builders Mutual Policy defines "personal and advertising injury" to include injury arising out of one of the following offenses: "f. [t]he use of another's advertising idea in your 'advertisement;' or g. [i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

## THE AUTO-OWNERS POLICY

21. Upon information and belief, Streamline is the named insured under Auto-Owners Policy No. 154615-35203945-16 (the "Auto-Owners Policy").

5

22. Upon information and belief, the Auto-Owners Policy had a Policy Period of May 18, 2016, to May 18, 2017.

23. Upon information and belief, the Auto-Owners Policy is a renewal from the Policy Period of May 18, 2015, to May 18, 2016.

24. Upon information and belief, the Auto-Owners Policy contains the same insuring agreement covering "personal and advertising injury liability" and the same exclusion to that coverage part as the Builders Mutual Policy and HMIC Policy.

## THE HMIC POLICIES

25. Streamline is the named insured under HMIC Policy No. 9155067 (the "HMIC Policy"). A certified true and accurate copy of the HMIC Policy is attached as Exhibit D.

26. The HMIC Policy had a Policy Period of May 18, 2016, to May 18, 2017.[4] Each policy renewed with similar triggering language and exclusions.

27. Under the insuring agreement of Coverage B – "Personal and Advertising Injury Liability," coverage is afforded as follows:

> c. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> (3) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

---

[4] The HMIC Policy was renewed for the following Policy Periods under the following Policy Numbers: Policy Number 9162986 – May 18, 2017, to May 18, 2018; Policy Number 9173587 – May 18, 2018, to May 18, 2019; Policy Number 9183938 – May 18, 2019, to May 18, 2020; Policy Number 9194044 – May 18, 2020, to May 18, 2021; and Policy Number 9203759 – May 18, 2021, to May 18, 2022.

> (4) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
> d. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the Policy Period.

Exhibit D at 93.

28. The HMIC Policy defines "personal and advertising injury" to include injury arising out of one of the following offenses: "f. [t]he use of another's advertising idea in your 'advertisement;' or g. [i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

29. The "Commercial General Liability Conditions" section of the of the HMIC Policy imposes the following obligations on the insured in the event of an "occurrence, offense, claim or suit:"

> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> (1) How, when and where the "occurrence" or offense took place;
> (2) The names and addresses of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b. If a claim is made or "suit" is brought against any insured, you must:
>
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

  (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
  (2) Authorize us to obtain records and other information;
  (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
  (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exhibit D at 98.

  30. Coverage B of the HMIC Policy contains the following exclusions:

  a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

  b. Material Published with Knowledge of Falsity

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

  c. Material Published Prior To Policy Period

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the Policy Period.

  f. Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

8
Case 4:22-cv-00008-BO Document 24 Filed 02/16/22 Page 8 of 17

> i. Infringement Of Copyright, Patent, Trademark Or Trade Secret
>
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.
>
> l. Unauthorized Use Of Another's Name Or Product
>
> "Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

Exhibit D at 93-94.

31. HMIC has fully reserved its rights regarding the applicable HMIC Policy and Underlying Litigation and Streamline and Mr. Maroules have been formally notified in writing of that reservation and that HMIC's decision to defend them should not be construed as a waiver of any defense to coverage.

## THE HMIC POLICY DOES NOT AFFORD COVERAGE TO STREAMLINE

32. Coverage is not available to Streamline and Mr. Maroules under the HMIC Policy.

33. The Court, in its Summary Judgment ruling, found that Streamline's construction of homes using Leachman Stoller plans without a license and the intentional removal of Leachman Stoller's copyright notice and name from plans constitutes a violation of Underlying Plaintiffs' copyrights. MSJ Order at 8-9.

34. Such a violation is squarely excluded by exclusion i. "Infringement Of Copyright, Patent, Trademark Or Trade Secret."

35. The Court's Summary Judgment Ruling addressed Streamline's use of Underlying Plaintiffs' copyrighted plans in advertising, including the specific instance of copyright violation associated with the Wilmington Parade of Homes marketing materials. MSJ Order at 7. These

9

copyright violations associated with advertising all stem from the intentional removal of Underlying Plaintiffs' copyright management information, including copyright notices and Underlying Plaintiffs' names. Therefore, there is no coverage for those allegations for which the Court has ruled in Underlying Plaintiffs' favor at Summary Judgment.

36. In addition to the foregoing, there are multiple exclusions that bar any coverage the HMIC Policy may have afforded here.

37. Under the "Knowing Violation of Rights of Another" exclusion, coverage does not apply to "'[p]ersonal or advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"[5]

38. Streamline and Mr. Maroules have been adjudged to have continued constructing homes utilizing the plans generated by Underlying Plaintiffs with the knowledge that use of the plans required additional licensing that Streamline had not purchased, both actions constituting intentional violations of Underlying Plaintiffs' copyrights.

39. Under the "Material Published with Knowledge of Falsity" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

40. Streamline and Mr. Maroules have been adjudged to have published Leachman Stoller plans after intentionally removing the Leachman Stoller name, adding Streamline's name and logo and "falsely claimed the right to sell and build the designs." Even after being confronted

---

[5] HMIC maintains that no advertising injury has occurred and has reserved rights as to any such claim under the HMIC policy. Because this declaratory judgment action seeks only relief from the duty to defend, however, the question of whether an advertising injury has occurred is not yet ripe.

by Ms. Stoller, Streamline continued publishing the plans on a website without the knowledge or permission of Leachman Stoller or Ms. Stoller. Exhibit A at ¶ 34-39.

41. Under the "Material Published Prior To Policy Period" exclusion, coverage does not apply to "'[p]ersonal and advertising injury'" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the Policy Period."

42. Streamline and Mr. Maroules's violations of Leachman Stoller and Ms. Stoller's copyrights pre-dates the Policy Period of the first HMIC Policy and is, therefore, not covered under the policy.

43. Under the "Breach of Contract" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'"

44. Underlying Plaintiffs' second claim for relief is for breach of contract and is, therefore, excluded from coverage.

45. Under the "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."

46. The Court has awarded Underlying Plaintiffs summary judgment on their claims for copyright infringement. As copyright infringement is excluded under the HMIC Policy, no coverage is afforded for these claims.

47. Under the "Unauthorized Use Of Another's Name Or Product" exclusion, coverage does not apply to "'[p]ersonal and advertising injury' arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers."

48. The Court determined that Streamline and Mr. Maroules intentionally passed Leachman Stoller plans off as Streamline's plans. This is excluded under the HMIC Policy.

49. The HMIC Policy requires that Streamline provides written notice of the claim as soon as practicable. Further, the HMIC Policy requires Streamline to "immediately send [HMIC] copies of any demands, notices, summons, or legal papers received."

50. Streamline and Mr. Maroules failed to provide any notice of the litigation until over a year after it was filed. In reality, Streamline should have notified HMIC of a claim in August 2019, when Ms. Stoller notified Mr. Maroules that he did not have "permission or license to use, build, sell, alter, modify, advertise, or convey any of my plans." Am. Compl. ¶ 66.

51. There is no coverage for the Underlying Litigation based on Streamline and Mr. Maroules's failure to notify HMIC and cooperate with HMIC in the defense of the action.

## COUNT I
## (CLAIM FOR DECLARATORY RELIEF)

52. HMIC incorporates by reference the allegations contained in paragraphs 1 through 44 of the Complaint.

53. While the question of whether construction of a home is or is not an advertising injury as defined by the language contained in the HMIC Policy, some jurisdictions have determined that construction of a home is not an advertising injury. *See Highland Holdings, Inc. v. Mid–Continent Cas. Co.*, 2016 WL 3447523 (M.D. Fla. 2016), aff'd, 687 Fed. Appx. 819 (11th Cir. 2017); *see also Kirk King v. Continental Western Insurance Co.*, 123 S.W.3d 259 (Mo. Ct. App. 2003) ("in isolation ... home construction is not advertising"). Therefore, no coverage is afforded under the HMIC policy for advertising injury based on the construction of homes by Streamline using Leachman Stoller plans.

54. In the Underlying Litigation, Underlying Plaintiffs have alleged that Streamline and Mr. Maroules knowingly and with intent to financially gain from Underlying Plaintiffs' protected copyrighted work, directly infringed on Leachman Stoller and Ms. Stoller's copyright. Exhibit A at ¶ 70-75. The Court awarded Underlying Plaintiffs summary judgment on this claim.

55. Further, Underlying Plaintiffs allege that Streamline took plans that purchased by a competing builder, marketing them as their own plans, and building and selling a house from the misappropriated design. Exhibit A at ¶ 5. The Court awarded Underlying Plaintiffs summary judgment on this claim.

56. Streamline and Mr. Maroules failed to timely notify HMIC of the claim in August 2019 and of the Lawsuit in July 2020.

57. As a result of Streamline's failure to timely notify HMIC, HMIC was unable to investigate the circumstances of the claim to prepare to adjust or control the defense of the action. As a result, Streamline has failed to comply with the terms of the insurance contract and HMIC has suffered prejudice in the defense of this action.

58. As a result, there is no coverage to Streamline and Mr. Maroules with respect to the claims asserted in the Underlying Litigation.

59. HMIC respectfully requests the Court to judicially declare that: 1) the construction of homes by Streamline utilizing Leachman Stoller's copywritten plans is not an advertising injury under the HMIC Policy and, therefore, HMIC is relieved of the duty to defend; 2) HMIC is relieved of the duty to defend or indemnify Streamline and Mr. Maroules pursuant to the exclusionary terms of the HMIC Policy cited above and the allegations of knowing violation of the rights of Underlying Plaintiffs by Mr. Maroules; and 3) that Streamline's failure to notify HMIC of the

claim and Underlying Litigation prejudiced HMIC in the defense of this action and was a violation of the insurance contract such that HMIC is relieved of the duty to defend

## COUNT II
## (CLAIM FOR DECLARATORY RELIEF ASSERTED IN THE ALTERNATIVE)

60. HMIC incorporates by reference the allegations contained in paragraphs 1 through 53 of the Complaint.

61. The HMIC Policy applies to "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed during the Policy Period.

62. All allegations in the Underlying Litigation can be traced to Streamline and Mr. Maroules's decision to utilize Underlying Plaintiffs' copyrighted material without a license, which, upon information and belief, began no later than December 17, 2015. All Underlying Plaintiffs' alleged damages stem from this common scheme.

63. The claims alleged in the Underlying Litigation constitute a series of continuous, repeated, interrelated acts, or a single cause or related acts, to utilize Underlying Plaintiffs' copyrighted material in to market, build, and sell homes constructed by Streamline and Mr. Maroules.

64. Accordingly, pursuant to the terms of the HMIC Policy, all the claims against Streamline and Mr. Maroules in the Underlying Litigation should be construed as one occurrence.

65. Therefore, should the Court deny the declaratory relief requested in Count I of the Complaint, HMIC respectfully requests, in the alternative, the Court judicially declare that the actions of Streamline and Mr. Maroules constitute a single occurrence that began prior to the first date of the May 18, 2016, to May 18, 2017 Policy Period of the HMIC Policy. Therefore, the

HMIC Policy does not afford coverage to Streamline and Mr. Maroules for the Underlying Litigation.

WHEREFORE, Plaintiff prays for a judgment against Defendants that includes the following relief:

1. The entry of a declaratory judgment adjudging the rights of HMIC under the HMIC Policy with regard to the Underlying Litigation. Specifically, Plaintiff prays for an Order adjudging and declaring that: (a) No coverage is afforded under the HMIC Policy as the construction of a home is not an advertising injury; (b) that Streamline's failure to notify HMIC of the claim and the Underlying Litigation was a breach of the insurance contract; (c) that HMIC owes no duty to defend or indemnify Streamline and Mr. Maroules in the Underlying Litigation under the HMIC Policy due to the intentional acts of Streamline and Mr. Maroules; and (d) in the alternative, the violations of Underlying Plaintiffs' copyright by Streamline and Mr. Maroules constitute a single occurrence which pre-dates the Policy Period of the HMIC Policy.

2. In the alternative, the entry of a declaratory judgment adjudging that HMIC and Builders Mutual each owe a duty to defend Streamline and Mr. Maroules in the Underlying Litigation under their respective Policies and the entry of an Order that HMIC, Auto-Owners, and Builders Mutual each pay proportional shares of the cost of defense of Streamline and Mr. Maroules moving forward.

3. For a jury trial on all issues so triable.

4. Any other and further relief as the Court may deem just and proper.

[SIGNATURE PAGE FOLLOWS]

This the 16th day of February, 2022.

        **TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

    BY: /s/ William A. Bulfer
        William A. Bulfer – N.C. State Bar No. 31424
        Megan N. Silver – N.C. State Bar No. 40070
        117 Cherry Street North
        Asheville, North Carolina 28801
        Telephone:  (828) 254-4515
        Fax:          (828) 254-4516
        Email:      wbulfer@teaguecampbell.com
                      msilver@teaguecampbell.com

        Daniel T. Strong – N.C. State Bar No. 49546
        4700 Falls of Neuse Road, Suite 450
        Raleigh, North Carolina 27609
        Telephone:  (919) 873-0166
        Fax:          (919) 873-1814
        Email:      dstrong@teaguecampbell.com

        *Attorneys for Harford Mutual Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served all known counsel of record as follows:

James C. White
100 Europa Drive, Suite 401
Chapel Hill, NC 27517
jwhite@jcwhitelaw.com
*Attorney for Leachman Stoller Home Plan Design, LLC, and Nancy Stoller*
(via CM/ECF)

Heather Connor
McAngus Goudelock & Currie
6302 Fairview Road Ste 700
Charlotte, NC 28210-2267
heather.connor@mgclaw.com
*Attorney for Builders Mutual Insurance Company*
(via CM/ECF)

Matthew A. L. Anderson
Bovis Kyle Burch & Medlin
806 Green Valley Road, Suite 203
Greensboro, North Carolina 27408
manderson@boviskyle.com
*Attorney for Auto-Owners Insurance Company*
(via CM/ECF)

David S. Coats
Bailey & Dixon, L.L.P.
Post Office Box 1351
Raleigh, North Carolina 27602
dcoats@bdixon.com
*Attorney for Streamline Developers, LLC, and Jordan Maroules*
(via U.S. Mail, Postage Prepaid)

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ William A. Bulfer
     William A. Bulfer