UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil No.: 4:22-cv-00008-BO

| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY, STREAMLINE DEVELOPERS, LLC, and CHRISTOPHER JORDAN MAROULES,<br><br>                 Plaintiffs,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>                 Defendant. | **SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

Plaintiffs Harford Mutual Insurance Company, Streamline Developers, LLC, and Christopher Jordan Maroules[1] (collectively "Plaintiffs"), by and through undersigned counsel, for declaratory judgment and other relief against Defendant Auto-Owners Insurance Company allege and say as follows:

## PARTIES

1. Plaintiff Harford Mutual Insurance Company ("HMIC") is a corporation organized under the laws of the State of Maryland with its principal place of business located in the State of Maryland. At all times relevant hereto, HMIC was authorized to conduct business in the insurance industry in the State of North Carolina.

2. Plaintiff Streamline Developers, LLC ("Streamline"), is a Limited Liability Company organized and existing under the laws of the State of North Carolina with its principal

---

[1] Plaintiffs Streamline Developers, LLC, and Christopher Jordan Maroules proceed by way of their Crossclaim [D.E. 34], which is still pending following HMIC's Motion to Amend the Complaint and to Realign the Parties.

place of business in Carteret County, North Carolina. All of Streamlines' members are citizens of the State of North Carolina.

3. Plaintiff Christopher Jordan Maroules is a citizen and resident of Carteret County, North Carolina.

4. Upon information and belief, Auto-Owners Insurance Company ("Auto-Owners"), is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Lansing, Michigan.

## JURISDICTIONS AND VENUE

5. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

7. This Court has the power to grant the relief sought in this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

8. An actual controversy of a justiciable nature currently exists between and among HMIC, Streamline, Mr. Maroules, and Auto-Owners, as set forth herein.

9. The issuance of declaratory relief by this Court is necessary and appropriate at this time under the circumstances alleged and will terminate all of the existing controversy among the parties.

## THE UNDERLYING LITIGATION

10. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 of the Complaint.

11. On or about July 2, 2020, Nancy Stoller and Leachman Stoller Home Plan Design, LLC ("Underlying Plaintiffs"), commenced a civil lawsuit, entitled *Nancy Stoller and Leachman Stoller Home Plan Design LLC, Plaintiffs v. Jordan Maroules, Streamline Developers LLC, Steven Grant McMillan, and Plansource Designs, LLC, Defendants*, case number 4:20-cv-00134, in the United States District Court for the Eastern District of North Carolina (the "Underlying Litigation"). On September 2, 2020, Ms. Stoller and Leachman Stoller filed their First Amended Complaint. A copy of the First Amended Complaint filed in the Underlying Litigation is attached as Exhibit A.

12. The Underlying Litigation arises from damages Underlying Plaintiffs claim they sustained between 2014 and the date of the filing of the Underlying Litigation as a result of Streamline and Mr. Maroules's use of home designs generated by Underlying Plaintiffs in residential construction without paying the required licensing or reuse fees.

13. As alleged in the Underlying Plaintiffs' filed Complaint, the unauthorized use of home designs generated by Underlying Plaintiffs began no later than December 17, 2015 and continued up to and through the date of filing of the Underlying Complaint.

## THE BUILDERS MUTUAL POLICY

14. Streamline is the named insured under Builders Mutual Insurance Company ("BMIC") Policy No. CPP 0048355 03 (the "Builders Mutual Policy") with a Policy Period of May 18, 2014, to May 18, 2015.[2]

15. Mr. Maroules was, at all relevant times, a member and manager of Streamline and is insured under the terms of the Builders Mutual Policy.

---

[2] The Builders Mutual Policy is a renewal of Policies No. CPP 0048355 01 (Policy Period May 18, 2012, to May 18, 2013) and CPP 0048355 02 (Policy Period May 18, 2013, to May 18, 2014).

16. The Builders Mutual Policy contains terms and conditions similar to those of the HMIC Policy outlined below.

17. BMIC extended a defense to Streamline and Mr. Maroules in the Underlying Litigation.

18. BMIC contributed to the reasonable, good faith settlement of the Underlying Litigation on behalf of Streamline and Mr. Maroules.

## THE AUTO-OWNERS POLICIES

19. Streamline is the named insured under Auto-Owners Policy No. 154615-35203945-15 (the "Auto-Owners Policy").

20. The Auto-Owners Policy has a Policy Period of May 18, 2015, to May 18, 2016.

21. Mr. Maroules was, at all relevant times, a member and manager of Streamline and is insured under the terms of the Auto-Owners Policy.

22. All premiums for the Auto-Owners Policy were fully and timely paid.

23. Pursuant to the Commercial General Liability Coverage Declarations, the Auto-Owners Policy provided coverage for Personal Injury and Advertising Injury up to the limit of insurance of $1,000,000.

24. Under the Insuring Agreement of Coverage part B of the Auto-Owners Policy, coverage is afforded as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any claim or offense and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
> b. This insurance applies to "personal injury" or "advertising injury" only if:
>
> (1) The "personal injury" or "advertising injury" is caused by an offense arising out of your business; and
>
> (2) The offense causing the "personal injury" or "advertising injury" was committed in the "coverage territory" during the policy period.

25. The Auto-Owners Policy defines "advertising injury" to include injury arising out of one of the following offenses: "c. [t]he use of another's advertising idea in your 'advertisement;' or d. [i]nfringing upon another's copyright, 'trade dress' or slogan in your 'advertisement.'"

26. Streamline is the named insured under Auto-Owners Commercial Umbrella Policy No. 48-117-202-02 (the "Auto-Owners Umbrella Policy"). Upon information and belief, a true and accurate copy of the Auto-Owners Umbrella Policy is attached as Exhibit B.

27. Mr. Maroules was, at all relevant times, a member and manager of Streamline and is insured under the terms of the Auto-Owners Umbrella Policy.

28. The Auto-Owners Umbrella Policy has a Policy Period of May 18, 2015, to May 18, 2016.

29. Pursuant to the Commercial Umbrella Coverage Declarations, the Auto-Owners Umbrella Policy provided coverage for claims falling under the category "Other Aggregate" up to the limit of liability of $3,000,000.

30. The Auto-Owners Umbrella Policy defines "incident" as an "offense committed by the Insured resulting in personal injury or advertising injury, including all such injury sustained by any one person or organization."

31. Under the Insuring Agreement of Coverage part B of the Auto-Owners Umbrella Policy, coverage is afforded as follows:

> A. We will pay those sums included in ultimate net loss that the insured becomes legally obligated to pay as damages because of:
>
> 3. Personal Injury; or
>
> 4. Advertising injury
>
> To which this insurance applies caused by an incident.

32. When the basis of coverage for an incident under the Auto-Owners Umbrella Policy is an offense, "a. [t]he personal injury and advertising injury must be committed during the policy term; and b. [t]he Incident must take place in the policy territory."

## THE HMIC POLICIES

33. Streamline is the named insured under HMIC Policy No. 9155067 (the "HMIC Policy"). A certified true and accurate copy of the HMIC Policy is attached as Exhibit C.

34. The HMIC Policy had a Policy Period of May 18, 2016, to May 18, 2017.[3] Each policy renewed with similar triggering language and exclusions.

35. Mr. Maroules was, at all relevant times, a member and manager of Streamline and is insured under the terms of the HMIC Policy.

---

[3] The HMIC Policy was renewed for the following Policy Periods under the following Policy Numbers: Policy Number 9162986 – May 18, 2017, to May 18, 2018; Policy Number 9173587 – May 18, 2018, to May 18, 2019; Policy Number 9183938 – May 18, 2019, to May 18, 2020; Policy Number 9194044 – May 18, 2020, to May 18, 2021; and Policy Number 9203759 – May 18, 2021, to May 18, 2022.

36. Under the insuring agreement of Coverage B – "Personal and Advertising Injury Liability," coverage is afforded as follows:

> c. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> (3) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
> (4) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
> d. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the Policy Period.

Exhibit C at 93.

37. The HMIC Policy defines "personal and advertising injury" to include injury arising out of one of the following offenses: "f. [t]he use of another's advertising idea in your 'advertisement;' or g. [i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

## DEFENSE AND SETTLEMENT OF THE UNDERLYING LITIGATION

38. On August 12, 2021, HMIC formally notified Streamline and Mr. Maroules in writing that HMIC would defend Streamline and Mr. Maroules, subject to a full reservation of its

rights regarding the applicable HMIC Policy and Underlying Litigation. A true and accurate copy of HMIC's Reservation of Rights is attached as Exhibit D.

39. In its reservation of rights, HMIC informed Streamline and Mr. Maroules that HMIC would provide a defense of the Underlying Litigation effective July 6, 2021, subject to the reservation of rights and without waiving any defenses to coverage.

40. On October 27, 2021, Builders Mutual Insurance Company ("Builders Mutual"), which insured Streamline from May 18, 2014, to May 18, 2015, under Policy No. CPP 0048355 (the "Builders Mutual Policy"), issued a reservation of rights informing Streamline and Mr. Maroules indicating that it would provide a defense of the Underlying Litigation subject to the reservation and without waiving any defenses to coverage. *See* [D.E. 34-4].

41. Despite every other insurer from whom Streamline had purchased coverage during the period of its alleged negligence agreeing to defend, on December 9, 2021, Auto-Owners denied coverage for the Underlying Litigation and refused to provide a defense to Streamline or Mr. Maroules. *See* [D.E. 34-3].

42. Auto-Owners December 9, 2021, denial of any duty to provide a defense operates as a waiver of its right to contest coverage as, in fact, on that date Auto-Owners did have a duty to defend, declined that opportunity, and even failed to file a declaratory action claim or at least defend under a reservation of rights.

43. On June 21, 2022, the parties to the Underlying Litigation, HMIC, and Builders Mutual participated in a mediated settlement conference.

44. Auto Owners was invited to attend and participate in mediation but refused.

45. In the days that followed the mediated settlement conference, the parties reached an agreement wherein the underlying matter was resolved for a total payment of $3,000,000, divided and paid as follows:

    a. Three hundred and Fifty Thousand dollars ($350,000.00) paid by Streamline and Mr. Maroules;

    b. Forty Thousand dollars ($40,000.00) paid by BMIC; and

    c. Two Million, Six Hundred Ten Thousand dollars ($2,610,000.00) paid by HMIC, broken into two payments of $310,000.00, paid on July 20, 2022, and $2,300,000.00 to be paid on January 15, 2023.

46. Auto-Owners did not contribute to the settlement of the Underlying Litigation in any way.

47. Auto-Owners does not contest the settlement of the Underlying Litigation.

48. The Release and Settlement Agreement in the Underlying Litigation did not apply to HMIC or Streamline and Mr. Maroules's claims against Auto-Owners in this Declaratory Judgment Action.

## COUNT I
### (HMIC's Claim for Declaratory Relief)

49. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 46 of the Complaint.

50. All allegations in the Underlying Litigation can be traced to Streamline and Mr. Maroules's decision to utilize Underlying Plaintiffs' copyrighted material without a license, which, by plain reading of the Underlying Complaint, began no later than December 17, 2015.

51. The claims alleged in the Underlying Litigation constitute a series of continuous, repeated, interrelated acts, or a single cause or related acts, to utilize Underlying Plaintiffs'

copyrighted material in to market, build, and sell homes constructed by Streamline and Mr. Maroules.

52. All of the alleged damages in the Underlying Litigation stem from the alleged common scheme of Streamline and Mr. Maroules to utilize Underlying Plaintiffs' copyrighted material without a license.

53. Accordingly, pursuant to the terms of the Auto-Owners Policy and HMIC Policy, all the claims against Streamline and Mr. Maroules in the Underlying Litigation should be construed as one occurrence, which began prior to the policy period of the HMIC Policy.

54. HMIC respectfully requests the Court judicially declare that the actions of Streamline and Mr. Maroules constitute a single occurrence that began prior to the first date of coverage under the HMIC Policy.

## COUNT II
### (HMIC's Claim for Contribution and Indemnification Against Auto-Owners)

55. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 52 of the Complaint.

56. The Auto-Owners Policy was issued in North Carolina, and North Carolina governs the interpretation of the Auto-Owners Policy.

57. The words used in the Auto-Owners Policy have been selected by Auto-Owners, any ambiguity or uncertainty as to their meaning must be resolved in favor of the insureds and against Auto-Owners.

58. All provisions in an insurance policy which extended coverage to an insured must be construed liberally so as to afford coverage whenever possible by reasonable construction.

59. Exclusionary provisions in an insurance policy are not favored and, if ambiguous, will be construed against an insurer, in this case Auto-Owners, and in favor of an insured.

10

Case 4:22-cv-00008-BO   Document 53   Filed 10/11/22   Page 10 of 16

60. The duty to defend is broader than the obligation to pay damages incurred by events covered by a particular policy.

61. If just one of many claims asserted potentially triggers a coverage obligation, even though the other claims are not covered, then the insurer has a duty to defend all of the claims alleged in the suit.

62. If an insurer unjustifiably refuses to defend its insured, the insurer is obligated to pay the amount of any reasonable compromise or settlement made in good faith by the insured.

63. Multiple contended personal or advertising offenses were alleged to have been committed by one or both of Streamline or Mr. Maroules during the policy period of the Auto-Owners Policy.

64. One or more of the claims set forth in the Underlying Litigation are covered under the terms of the Auto-Owners Policy.

65. The claims against Streamline and Mr. Maroules in the Underlying Litigation allege one or more personal or advertising injuries under the terms of the Auto-Owners Policy.

66. The claims against Streamline and Mr. Maroules in the Underlying Litigation trigger the duty to defend under the Auto-Owners Policy.

67. The claims against Streamline and Mr. Maroules in the Underlying Litigation trigger the liability insuring agreements in the Auto-Owners Policy.

68. The claims against Streamline and Mr. Maroules in the Underlying Litigation are not excluded under the terms of the Auto-Owners Policy.

69. The claims against Streamline and Mr. Maroules trigger the insuring agreement in the Auto-Owners Umbrella Policy.

70. The claims against Streamline and Mr. Maroules in the Underlying Litigation are not excluded under the terms of the Auto-Owners Policy.

71. At the time of the issuance of the Auto-Owners denial letter, Auto-Owners was obligated to provide a defense to Streamline and Mr. Maroules.

72. Auto-Owners unjustifiably denied Streamline and Mr. Maroules a defense in the underlying litigation.

73. Streamline and Mr. Maroules contributed $310,000 towards the settlement of the Underlying Litigation.

74. Because Auto-Owners had an obligation to provide a defense at the time it issued the Auto-Owners denial letter and declined its opportunity to extend a defense, Auto-Owners is obligated to indemnify Streamline and Mr. Maroules for the good faith settlement in the Underlying Litigation.

75. The same principle which obligates Auto-Owners to pay for the amounts expended by Streamline and Maroules applies to Auto-Owners' obligation to reimburse HMIC for sums it expended to settle.

76. Auto-Owners has waived its right to deny an indemnification obligation for the claims alleged in the underlying litigation.

77. As is outlined above and in their Crossclaim, Streamline and Mr. Maroules are entitled to a declaration that Auto-Owners were obligated to provide a full defense, without reservation, to the claims alleged in the Underlying Litigation against Streamline and Mr. Maroules.

78. Builders Mutual and HMIC extended a defense to Streamline and Mr. Maroules in the Underlying Litigation.

79. Because Auto-Owners unreasonably denied a defense to Streamline and Mr. Maroules, HMIC paid a disproportionate share of the cost of defense of the Underlying Litigation.

80. Because Auto-Owners had an obligation to provide a defense at the time it issued the Auto-Owners denial letter and declined its opportunity to extend a defense, Auto-Owners is obligated to indemnify HMIC for amounts HMIC expended towards the defense of Streamline and Mr. Maroules in the Underlying Litigation up to the coverage limit of the Auto-Owners Policy and the Auto-Owners Umbrella Policy.

81. As is outlined above and in their Crossclaim, Streamline and Mr. Maroules are entitled to a declaration that they are entitled to full indemnification by Auto-Owners under the terms and under the coverages provided by the Auto-Owners Policy for the claims alleged in the Underlying Litigation against Streamline and Mr. Maroules.

82. Builders Mutual and HMIC indemnified Streamline and Mr. Maroules through the settlement reached in the Underlying Litigation.

83. HMIC contributed $2,610,000 on behalf of Streamline and Mr. Maroules to the settlement of the Underlying Litigation.

84. Auto-Owners refused to participate in the mediated settlement conference conducted in the Underlying Litigation and did not contribute to the settlement.

85. Because Auto-Owners had an obligation to provide a defense at the time it issued the Auto-Owners denial letter and declined its opportunity to extend a defense, Auto-Owners is obligated to indemnify HMIC for amounts HMIC expended towards the settlement of the Underlying Litigation up to the coverage limit of the Auto-Owners Policy and the Auto-Owners Umbrella Policy.

WHEREFORE, Plaintiffs respectfully pray the Court for the following relief:

1. The Court enter a Declaratory Judgment that the actions of Streamline and Mr. Maroules constitute a single occurrence that began prior to the first date of coverage under the HMIC Policy;

2. The Court enter a Declaratory Judgment that Auto-Owners had, without reservation, a duty under the Auto-Owners Policy to defend Streamline and Mr. Maroules in the Underlying Litigation;

3. The Court enter judgement in favor of HMIC and against Auto-Owners and order Auto-Owners to reimburse amounts HMIC expended for the defense of Streamline and Mr. Maroules in the Underlying Litigation up to the applicable coverage limits of the Auto-Owners Policy and the Auto-Owners Umbrella Policy;

4. The Court enter a Declaratory Judgment that Auto-Owners has, without reservation, a duty to indemnify Streamline and Mr. Maroules under the Auto-Owners Policy for the amounts Streamline and Mr. Maroules contributed to the settlement of the Underlying Litigation up to the applicable coverage limits of the Auto-Owners Policy and the Auto-Owners Umbrella Policy;

5. The Court enter Judgment in favor of Streamline and Mr. Maroules and order Auto-Owners to reimburse the amount Streamline and Mr. Maroules contributed towards the settlement of the Underlying Litigation up to the applicable coverage limits of the Auto-Owners Policy and the Auto-Owners Umbrella Policy;

6. The Court enter judgement in favor of HMIC and against Auto-Owners and order Auto-Owners to reimburse amounts HMIC contributed on behalf of Streamline and Mr. Maroules towards the settlement of the Underlying Litigation up to the applicable coverage limits of the Auto-Owners Policy and the Auto-Owners Umbrella Policy;

14

Case 4:22-cv-00008-BO   Document 53   Filed 10/11/22   Page 14 of 16

7. For a jury trial on all issues so triable; and

8. Any other and further relief as the Court may deem just and proper.

This the 11th day of October, 2022.

      **TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

      BY: /s/ William A. Bulfer
          William A. Bulfer – N.C. State Bar No. 31424
          Megan N. Silver – N.C. State Bar No. 40070
          117 Cherry Street North
          Asheville, North Carolina 28801
          Telephone: (828) 254-4515
          Fax: (828) 254-4516
          Email: wbulfer@teaguecampbell.com
                    msilver@teaguecampbell.com

          Daniel T. Strong – N.C. State Bar No. 49546
          4700 Falls of Neuse Road, Suite 450
          Raleigh, North Carolina 27609
          Telephone: (919) 873-0166
          Fax: (919) 873-1814
          Email: dstrong@teaguecampbell.com

          *Attorneys for Harford Mutual Insurance Company*

      **BAILEY & DIXON, LLP**

      BY: /s/ David S. Coats
          David S. Coats – N.C. State Bar No. 16162
          434 Fayetteville Street, Suite 2500
          Raleigh, NC 27601
          Telephone: (919) 828-0731
          Fax: (919) 828-6592
          Email: dcoats@bdixon.com

          *Attorneys for Streamline Developers, LLC and Jordan Maroules*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all known counsel of record.

This the 11th day of October, 2022.

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ William A. Bulfer
Daniel T. Strong, N.C. State Bar No. 49546
William A. Bulfer, N.C. State Bar No. 31424
Megan N. Silver – N.C. State Bar No. 40070
*Attorneys for Harford Mutual Insurance Company*