UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil No.: 4:22-cv-00008-BO

| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY, STREAMLINE DEVELOPERS, LLC and CHRISTOPHER JORDAN MAROULES,<br><br>Plaintiffs,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | **CONSENT PROTECTIVE ORDER** |

This matter is before the undersigned on the Parties' Joint Motion for Entry of a Consent Protective Order. For good cause shown, the Motion is granted. The following terms shall govern the exchange of documents and information in this matter:

1. As used in this Order, the following words and phrases shall have the following meanings:

   a. "**Party**" or "**Parties**" include any of signatories to this Order, their employees, agents and representatives.

   b. "**Independent Expert**" and "**Independent Consultant**" mean a person who is not an employee, officer, director, or owner in any capacity of a Party or Signatory, and who is retained by counsel for a Party or Signatory in good faith to assist in the preparation, settlement, or trial of this case.

   c. "**Confidential Material**" means documents, electronically stored information, writings or any other thing, that contain information which a Party in good faith believes reveals confidential business information of a sensitive nature about the Party that the Party designates as "Confidential" in accordance with this Order, as well as all testimony, documents, information and statements (oral or written) derived from, containing or referring to such Confidential Material.

   d. "**Attorneys' Eyes Only Material**" means responses to subpoenas or discovery requests, including documents, electronically stored information, writings or anything, that contains information that a Party believes in good faith reveals confidential competitive, proprietary, trade secret or other information of a highly

sensitive nature that the Party designates as "Attorneys' Eyes Only" in accordance with this Agreement, as well as all documents, information and statements (oral or written) derived from, containing or referring to such Attorneys' Eyes Only Material. The Parties intend that the "Attorneys' Eyes Only" designation be sparingly used, and thus that its use be limited to the categories listed herein.

2. The nature of the disputes in this action are such that confidential and/or proprietary information, including but not limited to documents, electronically stored information and other materials concerning the business affairs of the Parties is likely to be the subject of discovery.

3. The public disclosure of such information would likely have adverse effects on the business affairs of the Parties and Signatories.

4. During the pendency of this action, unless otherwise ordered by the Court, the following procedures shall govern the discovery and exchange of documents and information in the above-captioned action:

   a. Documents and other material claimed to be Confidential Material or Attorneys' Eyes Only Material shall, prior to production, be marked by the producing Party as "Confidential" or "Attorneys' Eyes Only" by otherwise notifying counsel of this designation in writing. Copies, extracts, summaries, notes, and other derivatives of Confidential Material or Attorneys' Eyes Only Material also shall be deemed Confidential Material or Attorneys' Eyes Only Material and shall be subject to the provisions of this Order. These documents, whether physical or electronic, shall be designated as Confidential or Attorneys Eyes Only in a manner that will not interfere with the document's legibility.

   b. Pursuant to Federal Rule of Evidence 502(d), Documents and other material produced that are not identified as "Confidential" or "Attorneys' Eyes Only" at the time of production by the producing Party may thereafter be identified as such by the producing Party, or by the Party or Parties receiving the production of such documents or material, by written notice within 3 days after the Party becomes aware that protected information has been disclosed or produced served on each Party. Each Party who receives such written notice shall endeavor to retrieve any Confidential or Attorneys' Eyes Only material that may have been disseminated, shall affix the appropriate designation to it, and shall thereafter distribute it only as allowed by this Order; however no distribution prior to the receipt of such written notice shall be deemed a violation of this Agreement.

   c. Confidential Material or Attorneys' Eyes Only Material in any form may be used only for purposes of this litigation, and shall not be used for any other purpose or

disclosed to any other person or entity. Specifically, the Confidential Material and Attorney's Eyes Only Material shall not be used, attempted to be used, or disclosed for any business purpose in competition with or adverse to the producing Party.

d. Each document that is filed with the Court that contains any Confidential Material or Attorneys' Eyes Only Material shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and the words "CONFIDENTIAL: FILED UNDER SEAL PURSUANT TO COURT ORDER, NOT FOR PUBLIC INSPECTION." When filed with the Court, the envelope is not to be opened by nor the contents revealed except for use of the Court or court personnel, counsel of record in the case, or pursuant to order of the Court. The Party filing the Confidential Material or Attorneys' Eyes Only Material will notify all other Parties and Signatories that such information has been filed with the Court under seal by serving sealed copies upon all Parties.

e. Regarding the filing of sealed materials designated as Confidential Material or Attorneys' Eyes Only Material under the terms of this Agreement it is expressly agreed by the Parties and Signatories that:

   i. documents designated Confidential Material or Attorneys' Eyes Only Material are appropriate for filing under seal;

   ii. the designation of Confidential Material or Attorneys' Eyes Only Material presumptively overcomes general access rights under either the common law or the First Amendment because the Parties' interests of maintaining confidentiality to preserve internal and proprietary information outweighs any public interest in such information;

   iii. the designated materials contain either confidential business information or other confidential competitive, proprietary, trade secrets or other similar information;

   iv. alternatives to sealing are impractical and inadequate because access to the designated information would result in disclosure, misuse, and irreparable harm to the owner of the designated materials; and

   v. they consent to the sealing of such materials when filed with the Court.

5. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Material or Attorneys' Eyes Only Material shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

6. Except as otherwise expressly provided herein Confidential Material and Attorneys' Eyes Only Material shall be revealed only as follows:

   a. to mediators, arbitrators, or special masters attempting to assist in resolving or adjudicating all or any portion of this dispute, provided all Parties agree and further provided that such mediators, arbitrators, or special masters must have agreed to be bound by this Order;

   b. to counsel for a Party as well as partners, associates, secretaries, paralegals, and other professionals and staff employed in the offices of such counsel who are working on the matter;

   c. to in-house counsel for a Party who is involved in this matter;

   d. Confidential Material (but not Attorneys Eyes Only Material) may also be revealed to any Party and to officers, directors, and employees of any Party or Signatory whose participation in this matter in necessary for its prosecution or defense, provided that, prior to such disclosure, the officer, director, or employee is advised of the restrictions contained in this Agreement regarding the use and disclosure of such Confidential Information;

   e. to court reporters transcribing a deposition, hearing, or other proceeding in this matter who are advised of the terms of this Agreement and agree to be bound thereby;

   f. to deponents at a deposition provided that the deponent is either authorized to receive and review the material or counsel intending to use the Attorneys Eyes Only material at the deposition provides counsel of record for the other Party with five (5) business days' notice of the Attorneys' Eyes Only Material it intends to use during the deposition, counsel does not object, and the deponent agrees to be bound by this Agreement. A deponent shall not be permitted to retain a copy of any Confidential Material or Attorneys' Eyes Only Material absent written agreement of the Parties or court order; and

   g. to such other persons, including but not limited to expert witnesses retained by either Party, jurors and/or any presiding Superior Court hearing motions, trial or other matters in this case, as hereafter may be agreed upon in writing or on the record among counsel for all Parties.

7. Whenever a deposition involves the disclosure of Confidential Material or Attorneys' Eyes Only Material, the deposition or portions thereof shall be designated as confidential and subject to this Order. Such designation shall be made on the record during the

4

deposition when possible, but a Party may designate portions of depositions as confidential after transcription, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. All Parties reserve the right to seek such orders from the Court as may be appropriate in the event of a dispute with regard to the subject of this Order.

9. After the final termination of this litigation by judgment, appeal, settlement, or otherwise, within thirty (30) days of such final termination, all information produced in discovery and all excerpts and copies thereof which was marked "Confidential" or "Attorneys Eyes Only" shall be returned to the producing Party or destroyed, and such returned materials shall be deleted from any litigation-support file or database, except that counsel of record may retain their respective work product that contains Confidential Material or Attorneys' Eyes Only Material only as required for file retention requirements by the State Bar or other jurisdictional regulations, provided that the Confidential Material or Attorneys Eyes Only Material portion shall not be disclosed or used for any purpose except as may be required by subpoena or court order, in which case the attorney required to disclose such information shall promptly provide the designating Party with written notice of the demand for disclosure and shall refrain from disclosing such information for a period of no less than ten (10) days from issuance of such subpoena or court order, or such shorter period as specified in a court order, to enable the designating Party to seek relief from the appropriate court. Counsel shall provide an affidavit confirming the matters have been returned or destroyed.

10. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Material or Attorneys' Eyes-Only Material shall relieve any person from the obligation of maintaining both the

5

confidentiality and the restrictions on the use of any Confidential Material or Attorneys' Eyes Only Material disclosed pursuant to this Agreement.

11. Any recipient of any information designated as Confidential Material or Attorneys' Eyes-Only Material shall maintain the information in a secure and safe area and shall exercise due and proper care with respect to storage, security, custody and use of all such information.

12. The restrictions set forth in this Agreement shall not apply to information that:
   a. is in the public domain at the time of disclosure as evidenced by a written document;
   b. becomes part of the public domain, other than through violation of this Order; or
   c. can be shown by the receiving Party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document.

13. Nothing in this Order or done by the Parties pursuant to this Order shall constitute an admission by any Party, or shall be used as evidence in any subsequent proceeding, that information designated as Confidential Material actually is Confidential Material, or as the case may be, Attorneys' Eyes Only Material, and nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

14. Trial testimony of any witness of a Party that include sensitive corporate Confidential Information Material or Attorneys' Eyes Only Material, said testimony is subject to this Order and the Party may request the trial transcript be sealed without objection from the opposing Parties to bar dissemination of such trial testimony, however such request must be submitted within thirty (30) days of the jury verdict or bench order or its right to seal the trial transcript is waived.

15. Filing Sealed and Other Restricted Documents in CM/ECF:
   a. Sealed Documents

6

      i.      Except for motions filed under seal in accordance with Section V.G.1.(f) of the Policy Manual, each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

1. The exact document or item, or portions thereof, for which the filing under seal is requested;
2. How such request to seal overcomes the common law or the First Amendment presumption to access;
3. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; and
4. The reasons why alternatives to sealing are inadequate; and (iv) Whether there is consent to the motion.

16. The Parties agree that no failure or delay in exercising any right, power or privilege granted in this Order shall operate as a waiver of any such right, power or privilege granted in this Order.

17. The Parties stipulate and agree that this Order shall be effective once entered by the Court, and retroactive to the date it was agreed by counsel.

18. The obligations of this Order shall survive the termination of the Action and continue to bind the Parties and their counsel. The Court will have continuing jurisdiction solely to enforce the provisions of this Order.

19. This Order may be modified only by further Order of the Court.

Dated: 2-13-24

_____
TERRENCE W. BOYLE
United States District Judge